UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIE MAUDE THORNTON,

        Plaintiff,

v.                                                                                            CIVIL CASE NO. 10-13262
                                                                                              HON. MARIANNE O. BATTANI
WILMINGTON FINANCE, INC., et al.,

        Defendants.

_____/

**OPINION AND ORDER GRANTING WAYNE COUNTY DEFENDANTS' MOTION TO DISMISS AND FOR SUMMARY JUDGMENT BASED ON FRCP 12(b)(6) AND 56(c)**

      Before the Court is Defendants Wayne County and Adrienne Sanders' Motion to Dismiss and for Summary Judgment ("Wayne County Defendants") (Doc. No. 34). Plaintiff has not filed a response to the motion as required by the Notice of Motion Briefing Schedule, and the Court finds oral argument will not aid in the resolution of this dispute. See E. D. Mich. LR 7.1(e)(2). For the reasons discussed below, the Court grants the motion.

**I. PROCEDURAL BACKGROUND**

      Plaintiff Willie Mae Thornton filed suit, alleging claims arising out of the foreclosure of property she owned located at 20215 San Juan Street, in Detroit, Michigan. In addition to Wayne County Defendants, Plaintiff named as Defendants, Wilmington Finance, Inc. ("Wilmington"), Weltman Weinberg, Reis Co., LPA ("Weltman"), and U.S. Bank Association, N.D. ("U.S. Bank"). Thornton's Complaint advances claims against U.S. Bank for violations of the Truth in Lending Act ("TILA"), 15

U.S.C. § 1601 et seq., and a claim of fraud against Weltman under Rule 9(b).  She further alleges Weltman violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.   In her factual allegations in support of this claim, Plaintiff includes two paragraphs that reference Wayne County.

The first, Paragraph 32 (2) reads:

> Wayne County willfully and knowingly accepted fraudulent documents from Weltman, Weinberg, Reis Co. LPA, thereby violating Foreclosure of Mortgages by Advertisement, MCL 600.3220.

(Doc. No. 1, ¶ 32 (2).)

Paragraph 33 reads in relevant part:

> The illegal Sheriff Sale was performed on January 7, 2010 by a Ms. Adrienne Sanders.  Investigation revealed that Ms. Sanders is a civil employee with the County of Wayne who executed the Sheriff Sale. Michigan MCL 600.3216 clearly states: "The sale. . . .shall be made by the **person appointed for that purpose in the mortgage, or by the sheriff, undersheriff, or a deputy sheriff** of the county, to the highest bidder" Ms. Sanders does not qualify as any of the aforementioned persons. (Exhibit 1)

(Doc. No. 1, ¶ 33).  Exhibit 1 to the Complaint is the Sheriff's Deed on Mortgage Sale, and identifies Adrienne Sanders as a Wayne County deputy sheriff involved in the sale which took place on January 7, 2010.

Wayne County Defendants filed their motion on December 2, 2010.  The Court's Notice of Motion Briefing Schedule required Plaintiff to respond on January 5, 2011, however, not response has been filed.

## II.   STANDARD OF REVIEW

"A pleading that states a claim for relief must contain. . .a short and plain statement of the claim showing that the pleader is entitled to relief. . . ."  FED. R. CIV. P.

2

8(a)(2). The requirement is meant to provide the opposing party with " 'fair notice of what the. . .claim is and the grounds upon which it rests.' " Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, (2007) (quoting Conley v. Gibson, 355 U.S. 42, 47 (1957)).  If a complaint does not meet that standard, the opposing party may move to dismiss it for failure to state a claim at any time before filing an answer or for judgment on the pleadings after filing an answer. FED. R. CIV. P. 12(b)(6).

"Factual allegations must be enough to raise a right to relief above a speculative level, on the assumption that all the allegations in the complaint are true. . . ." Id. at 555-56 (citations omitted).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' "  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570)).  "Facial plausibility" requires the plaintiff to include sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

Federal Rule of Civil Procedure 56(c) authorizes the Court to grant summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  There is no genuine issue of material fact if there is not a factual dispute that could affect the legal outcome on the issue. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  In determining whether to grant summary judgment, this Court "must construe the evidence and draw all reasonable inferences in favor of the nonmoving party."  Hawkins v. Anheuser-Busch, Inc., 517 F.3d 321, 332 (6th Cir. 2008).  However, the nonmoving party "cannot

rely merely on allegations but must set out specific facts showing a genuine issue for trial." Chappell v. City of Cleveland, 585 F.3d 901, 906 (6th Cir. 2009).

### III.   ANALYSIS

Plaintiff's claim against Wayne County Defendants turns on her allegation that Sanders lacked the authority to conduct the sheriff's sale.  Wayne County Defendants have provided the Court with an Appointment of Special Deputy Sheriff Sanders during the term ending December 31, 2010, to perform specific actions, including among other things, to "act as auctioneer to hold all Sheriff's sales, issue deeds, [and] adjourn Sheriff's sales and perform related work." (Doc. No. 34, Ex. A.)  Sanders signed her oath on September 30, 2009.  Accordingly, pursuant to Mich. Comp. Law § 51.70, which authorizes a sheriff to appoint special deputies to perform any particular acts that he himself is authorized by law to perform as sheriff, the Court finds Plaintiff's claim fails as a matter of law.

The Appointment of Special Deputy Sanders demonstrates there is no genuine issue of material fact. She was acting within the scope of her duties and during the term of her appointment.  Under Michigan law, the Wayne County Sheriff, Benny Napoleon, had the statutory power to make her appointment.

### IV.   CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that Defendants' motion is **GRANTED.**

**IT IS SO ORDERED.**

s/Marianne O. Battani
MARIANNE O. BATTANI
UNITED STATES DISTRICT JUDGE

DATED: March 23, 2011

## CERTIFICATE OF SERVICE

Copies of this Order were mailed to counsel of record on this date by ordinary mail and electronic filing.

s/Bernadette M. Thebolt
CASE MANAGER
