**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

WILLIE MAUDE THORNTON,

        Plaintiff,

v.                                          CIVIL CASE NO. 10-13262
                                            HON. MARIANNE O. BATTANI

WILMINGTON FINANCE, INC., et al.,

        Defendants.

_____/

**OPINION AND ORDER GRANTING DEFENDANT MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.'S MOTION TO SET ASIDE DEFAULT**

      Before the Court is Defendant Mortgage Electronic Registration Systems Inc.'s ("MERS") Motion to Set Aside Default (Doc. No. 38). Plaintiff has not filed a response to the motion as required by the Notice of Motion Briefing Schedule, and the Court finds oral argument will not aid in the resolution of this dispute. See E. D. Mich. LR 7.1(e)(2). For the reasons discussed below, the Court grants the motion.

**I.  PROCEDURAL BACKGROUND**

      Plaintiff Willie Mae Thornton filed suit, alleging, claims arising out of the foreclosure of property she owned located at 20215 San Juan Street, in Detroit, Michigan. In addition to MERS, Plaintiff named as defendants, Wilmington Finance, Inc. ("Wilmington"), Weltman Weinberg, Reis Co., LPA ("Weltman"), U.S. Bank Association, N.D. ("U.S. Bank"), and Wayne County. In her Complaint, Thornton claims U.S. Bank and violated the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq. Among the factual allegations supporting the claim, she alleges, "The Defendants breached the

Contract due to the fact that MERS is named as Mortgagee and was allowed to foreclose on an invalid contract." (Doc. No. 1, ¶ 20.)  In Count II, Thornton alleges violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq. against Weltman.  Plaintiff also brings a fraud claim against Weltman under Rule 9(b).  In support of her claim, she alleges that MERS and other defendants knew about violations that occurred during the sheriff's sale.  (Doc. No. 1, ¶ 37(a).)

Plaintiff moved for a clerk's entry of default against MERS on November 16, 2010, and the Clerk entered a default on November 17, 2010.  (Doc. No. 23.)

## II.     STANDARD OF REVIEW

Rule 55(c) provides that "the court may set aside an entry of default for good cause. . . ."  FED. R. CIV. P. 55(c).  In determining whether good cause exists, the district court must consider: "(1) [w]hether culpable conduct of the defendant led to the default, (2) [w]hether the defendant has a meritorious defense, and (3) [w]hether the plaintiff will be prejudiced."  Waifersong, Ltd. v. Classic Music Vending, 976 F.2d 290, 292 (6th Cir. 1992).  Although "[a]ll three factors must be considered in ruling on a motion to set aside an entry of default," when a defendant has a meritorious defense and the plaintiff would not be prejudiced, "it is an abuse of discretion for a district court to deny a Rule 55(c) motion in the absence of a willful failure of the moving party to appear and plead."  Shepard Claims Serv., Inc. v. William Darrah & Assocs., 796 F.2d 190, 194 (6th Cir. 1986).

### III. ANALYSIS

In assessing the factors necessary to satisfy its burden, the Court finds that MERS has satisfied the factors articulated in Waifersong. MERS filed its motion a month after default was entered, and there is no basis for the Court to find that delay "will result in a loss of evidence, create increased difficulties of discovery or provide greater opportunity for fraud and collusion." INVST Fin. Group, Inc. v. Chem-Nuclear Sys., Inc., 815 F.2d 391, 398 (6th Cir. 1987) (citation omitted).

Next, the Court finds that MERS has a meritorious defense. As noted by the appellate court in United Coin Meter v. Seaboard Coastline R.R., 705 F.2d 829, 845 (6th Cir. 1983) (citation omitted), all that is required is a defense recognized at law; "likelihood of success is not the measure." Here, MERS asserts that its potential liability is dependent upon alleged wrongdoing by the other Defendants, and dispositive motions are pending as to the TILA claim and the fraud claim. Thus, the Court finds MERS has satisfied its burden.    Finally, the Court finds that there is no evidence of culpable conduct beyond mere negligence. Culpable conduct will not be found unless the defendant "display[s] either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on judicial proceedings." Thompson v. Am. Home Assur. Co., 95 F.3d 429, 433 (6th Cir. 1996) (citations omitted). Here, MERS asserts that the failure to appear resulted because it was "unclear at the initiation of this litigation about the proper party to argue and appear on behalf of MERS. As soon as that issue was definitively determined, U.S. Bank's counsel immediately filed this motion." (Doc. No. 38, p. 4.)

## IV. CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that Defendant's Motion to Set Aside Default is **GRANTED.**

**IT IS SO ORDERED.**

>                 s/Marianne O. Battani
> MARIANNE O. BATTANI
> UNITED STATES DISTRICT JUDGE

DATED: March 23, 2011


## CERTIFICATE OF SERVICE

Copies of this Order were mailed to counsel of record on this date by ordinary mail and electronic filing.

>                 s/Bernadette M. Thebolt
> CASE MANAGER