**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

WILLIE MAUDE THORNTON,

        Plaintiff,

v.                                                                CIVIL CASE NO. 10-13262
                                                                  HON. MARIANNE O. BATTANI
WILMINGTON FINANCE, INC., et al.,

        Defendants.

_____/

**OPINION AND ORDER GRANTING U.S. BANK NATIONAL ASSOCIATION**
**ND'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO**
**FED. R. CIV. P. 12(B)(1) OR, IN THE ALTERNATIVE, FED. R. CIV. P.**
**12(b)(6) AND GRANTING DEFENDANT MORTGAGE ELECTRONIC**
**<u>REGISTRATION SYSTEMS, INC.'S MOTION TO DISMISS</u>**

Before the Court is U.S. Bank National Association ND's Motion to Dismiss (Doc.

No. 11), and Defendant Mortgage Electronic Registration Systems, Inc. (MERS) Motion

to Dismiss (Doc. No. 43). The Court has reviewed all the filings and finds oral argument

will not aid in the resolution of this dispute. <u>See</u> E. D. Mich. LR 7.1(e)(2). For the

reasons discussed below, the Court grants the motions.

**I. BACKGROUND**

Plaintiff Willie Mae Thornton filed suit, alleging claims arising out of the

foreclosure of property she owned located at 20215 San Juan Street, in Detroit,

Michigan. In addition to U.S. Bank Association, N.D. ("U.S. Bank") and MERS, Plaintiff

named as Defendants, Weltman Weinberg, Reis Co., LPA ("Weltman"), Wayne County

and Special Deputy Sanders, and Wilmington Finance, Inc. ("Wilmington"). In her

Complaint, Thornton alleges that U.S. Bank, who assumed the mortgage, violated the

Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq.  She alleges that MERS was allowed to foreclose on an invalid contract.  (Doc. No. 1, ¶ 20.)

Before filing this lawsuit, Thornton filed a *pro se* chapter 13 petition in the United States Bankruptcy Court for the Eastern District of Michigan. Plaintiff's chapter 13 case was converted to a chapter 7; however on May 15, 2009, Plaintiff filed a "Statement of Intention" to reaffirm her mortgage, and her debt to U.S. Bank was not discharged. (Doc. No. 11, Ex. 4.)

## II.   STANDARD OF REVIEW

"A pleading that states a claim for relief must contain. . .a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." FED. R. CIV. P. 8(a)(2). The requirement is meant to provide the opposing party with " 'fair notice of what the. . .claim is and the grounds upon which it rests.' " Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, (2007) (quoting Conley v. Gibson, 355 U.S. 42, 47 (1957)).  If a complaint does not meet that standard, the opposing party may move to dismiss it for failure to state a claim at any time before filing an answer or for judgment on the pleadings after filing an answer. FED. R. CIV. P. 12(b)(6).

"Factual allegations must be enough to raise a right to relief above a speculative level, on the assumption that all the allegations in the complaint are true. . . ." Twombly, 550 U.S. at 555-56 (citations omitted).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570)).  "Facial plausibility" requires the plaintiff to include sufficient "factual content that allows the court to draw the reasonable inference that the

2

defendant is liable for the misconduct alleged." Id.

## III.   ANALYSIS

U.S. Bank argues that Plaintiff's complaint fails to state a claim for which relief can be granted.  The Court agrees because Plaintiff's claims against it are barred by the statute of limitations.[1]

Congress enacted TILA to facilitate "the informed use of credit by consumers by requiring meaningful disclosure of credit terms."  Barrett v. JP Morgan Chase Bank, N.A., 445 F.3d 874, 875 (6th Cir. 2006) (citation and internal punctuation omitted).  Under TILA, Thornton could bring an action for damages, including "actual damages," statutory damages in the amount of "not less than $400 or greater than $4,000," and for costs and attorney's fees, see 15 U.S.C. § 1640(a)(1)-(3), provided she did so "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e).

Here, Thornton did not file her suit within one year of the date of the underlying transaction, which occurred March 21, 2006.  She waited until August 2010 to file her suit.  Further, Plaintiff's allegation that she never received the necessary disclosures is undermined by the Notice of Right To Cancel in which Thornton acknowledged that she had received the Federal Truth in Lending Disclosure Statement.  (See Doc. No. 30, Ex. B.)  Plaintiff's pleadings are inadequate under Iqbal, 129 S. Ct. at 1949, because she failed to include sufficient "factual content" to allow this Court "to draw the reasonable inference that the defendant is liable for the misconduct alleged."

---

[1]In her response Plaintiff raises claims that are not pleaded in her complaint.  She has not sought leave to amend her complaint, nor does she provide any factual support for the claims she mentions.

MERS notes that Plaintiff has not included any allegations of independent wrongdoing on its part.  Therefore, the basis for dismissal advanced by U.S. Bank likewise apply to MERS.  The Court agrees.

## IV.    CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that Defendants' motions are **GRANTED.**

**IT IS SO ORDERED.**

s/Marianne O. Battani
MARIANNE O. BATTANI
UNITED STATES DISTRICT JUDGE

DATED: May 11, 2011

## CERTIFICATE OF SERVICE

Copies of this Order were mailed to Plaintiff and counsel of record on this date by ordinary mail and/or electronic filing.

s/Bernadette M. Thebolt
CASE MANAGER
