**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

WILLIE MAUDE THORNTON,

        Plaintiff,

v.                                            CIVIL CASE NO. 10-13262
                                             HON. MARIANNE O. BATTANI

WILMINGTON FINANCE, INC., et al.,

        Defendants.

_____/

**OPINION AND ORDER GRANTING WILMINGTON FINANCE, INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(1) OR, IN THE ALTERNATIVE, FED. R. CIV. P. 12(b)(6)**

      Before the Court is Defendant Wilmington Finance, In.'s Motion to Dismiss Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(1), or in the Alternative, Fed. R. Civ. P. 12(b)(6) (Doc. No. 30). Plaintiff has not filed a response to the motion as required by the Notice of Motion Briefing Schedule, and the Court finds oral argument will not aid in the resolution of this dispute. See E. D. Mich. LR 7.1(e)(2). For the reasons discussed below, the Court grants the motion.

**I. INTRODUCTION AND FACTUAL BACKGROUND**

      Plaintiff Willie Mae Thornton filed suit, alleging claims arising out of the foreclosure of property she owned located at 20215 San Juan Street, in Detroit, Michigan. In addition to Wilmington Finance, Inc. ("Wilmington"), Plaintiff named as Defendants, Weltman Weinberg, Reis Co., LPA ("Weltman"), Wayne County and Special Deputy Sanders, Mortgage Electronic Registration Systems, Inc., and U.S. Bank Association, N.D. ("U.S. Bank").

In her Complaint, Thornton alleges that Wilmington violated the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq. Specifically, Plaintiff entered into a mortgage loan with Wilmington on March 21, 2006. Wilmington assigned the mortgage to Defendant US Bank National Association ND, which instituted foreclosure proceedings after Plaintiff defaulted. The property was sold at Sheriff's Sale on January 7, 2010, and transferred to US Bank by sheriff's deed.

According to the complaint, Thornton did not receive a Notice of Right to Cancel, and did not receive her mortgage documents three days prior to closing. (Doc. No. 1, ¶¶ 12, 13.) Plaintiff also asserts that Wilmington failed to record an assignment of the mortgage thereby committing fraud. (Doc. No. 1, ¶¶ 16-18.)

## II.   STANDARD OF REVIEW

"A pleading that states a claim for relief must contain. . .a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." FED. R. CIV. P. 8(a)(2). The requirement is meant to provide the opposing party with " 'fair notice of what the. . .claim is and the grounds upon which it rests.' " Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, (2007) (quoting Conley v. Gibson, 355 U.S. 42, 47 (1957)). If a complaint does not meet that standard, the opposing party may move to dismiss it for failure to state a claim at any time before filing an answer or for judgment on the pleadings after filing an answer. FED. R. CIV. P. 12(b)(6).

"Factual allegations must be enough to raise a right to relief above a speculative level, on the assumption that all the allegations in the complaint are true. . . ." Twombly, 550 U.S. at 555-56 (citations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

plausible on its face.' " Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570)). "Facial plausibility" requires the plaintiff to include sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

### III. ANALYSIS

Wilmington advances several grounds for dismissal. Here, the Court agrees with Wilmington that Plaintiff's claims against it are barred by the statute of limitations. Therefore, the Court directs its attention to this argument.

Congress enacted TILA to facilitate "the informed use of credit by consumers by requiring meaningful disclosure of credit terms." Barrett v. JP Morgan Chase Bank, N.A., 445 F.3d 874, 875 (6th Cir. 2006) (citation and internal punctuation omitted). TILA gives a borrower the right to rescind a loan that is secured by his or her principal dwelling within three business days of the transaction. 15 U.S.C. § 1635(a). In the alternative, a borrower may bring an action for damages, including "actual damages," statutory damages in the amount of "not less than $400 or greater than $4,000," and may recover costs and attorney's fees. See 15 U.S.C. § 1640(a)(1)-(3).

A plaintiff must bring her action for damages under section 1640 of the Act "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). Here, Thornton signed the Notice of Right to Cancel on March 21, 2006. (Doc. No. 30, Ex. B.) Her acknowledgment of the receipt of the TILA disclosures as articulated in the Notice of Right to Cancel undermines any allegation in her complaint that she did not receive the required information. Therefore, Thornton had "[only] three days to rescind a credit transaction." McCoy v. Harriman Utility Bd., 790 F.2d 493, 496 (6th Cir. 1986).

She failed to do so. Specifically, it is undisputed that Plaintiff entered into the subject transaction on March 21, 2006, but did not file this complaint until August 2010–more than four years after the loan closing. Consequently, her claim is time-barred.

To the extent that Thornton asserts that Wilmington committed fraud, her complaint fails to satisfy the pleadings requirements of Rule 9(b). Although Plaintiff alleges that Wilmington purchased the loan from Old Cornerstone Financial, she does not dispute that Old Cornerstone, acted as mortgage broker, and merely submitted Plaintiff's application to Wilmington on March 15, 2006. Accordingly, her allegation does not create even an inference of fraudulent assignment of her mortgage loan. Further, Rule 9(b) of the Federal Rules of Civil Procedure requires that allegations of fraud be pleaded with particularity-the time, place and manner of each act of fraud, as well as the role of each defendant in each scheme. No such specificity has been pleaded in this case.

## IV.   CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that Defendant's motion is **GRANTED.**
**IT IS SO ORDERED.**

s/Marianne O. Battani
MARIANNE O. BATTANI
UNITED STATES DISTRICT JUDGE

DATED: May 11, 2011

## CERTIFICATE OF SERVICE

Copies of this Order were mailed to Plaintiff and counsel of record on this date by ordinary mail and/or electronic filing.

s/Bernadette M. Thebolt
CASE MANAGER
